UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| ERNEST SASSO | ) | |
| CAROL ANN SASSO | ) | |
|     Debtor | ) | Bankruptcy No. 24-13006 AMC |

## CHAPTER 13 STANDING TRUSTEE'S
## ANSWER TO MOTION TO REINSTATE BANKRUPTCY CASE

Kenneth E. West, Chapter 13 standing trustee ("standing trustee"), answers the Motion in the above captioned matte, as follows:

1. Admitted.

2. Admitted in part., Denied in part. It is admitted that the dismissal hearing scheduled for December 19, 2024. was continued to January 30, 2025, in part, so that the debtors could cure the arrears owed under the plan. However in addition to the payment issue, the motion was also was pending for the following:

    • Debtor(s) has/have failed to comply with 11 U.S.C. Section 521(a)(1)(B)(iv) by not filing copies of all payment advices or other evidence of payment received within 60 days before the filing of the petition by debtor(s) from any employer of debtor(s).

    • There has been unreasonable delay by debtor(s) that is prejudicial to creditors pursuant to 11 U.S.C. Section 1307(c)(1).

    • Debtor(s) has/have failed to provide, not later than 7 days before the date first set for the first meeting of creditors, a copy of the Federal income tax return required by 11 U.S.C. Section 521(e)(2).

    • There has been unreasonable delay by debtor(s) that is prejudicial to creditors pursuant to 11 U.S.C. Section 1307(c)(1), by the failure of debtor(s) to provide business information sufficient for the trustee to evaluate the financial condition of debtor(s) and/or the plan.

    Of the above-mentioned items, outstanding are proof that the Debtors are able to become current on payments as required under the plan and submission of the completed business questionnaire.

3. Admitted. Payment of $1,000.00 was received from the debtors.

4. Admitted. Based on information provided, it appears that the debtor(s) enrolled to make payment via TFS.

5. Admitted. Based on information provided, it appears that the debtor(s) attempted to make a payment via TFS on 2/12/25 (after the case was dismissed).

6. Denied. The Debtor was made aware of the January 30, 2025 hearing via email on December 18 2024. Attached as Exhibit "A" is a copy of the correspondence to the Debtor.

7. Denied. Hearings were held on January 30, 2025.

8. No answer required.

9. Denied. The averments contained in this paragraph are conclusions of law to which no response is required and to the extent such averments may be deemed factual, they are denied.

10. Denied. The averments contained in this paragraph are conclusions of law to which no response is required and to the extent such averments may be deemed factual, they are denied.

11. Denied. The averments contained in this paragraph are conclusions of law to which no response is required and to the extent such averments may be deemed factual, they are denied. Debtors received notice that the hearing was being continued from December 19, 2024 to January 30, 2025 (and even replied to the notice) but failed to attend that hearing. Additionally, debtors failed make timely payments as required under the plan and failed submit documentation as required.

WHEREFORE, given the age of the Debtors (as noted in the footnote of the motion) and the debtors' current situation, the standing trustee defers to the Court's discretion concerning the disposition of the Motion to Reinstate.

Date: March 10, 2025                                    Respectfully submitted,


                                                         /s/ Kenneth E. West, Esquire
                                                         Chapter 13 Standing Trustee